UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCO SANTIAGO,

                Plaintiff,

v.

BRUCE GAGE, *et al.*,

                Defendants.

CASE NO. 3:18-cv-05825-RBL-JRC

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DENYING MOTION TO EXTEND DISCOVERY DEADLINE

    The District Court has referred this 42 U.S.C. § 1983 civil rights matter to United States Magistrate Judge J. Richard Creatura under 28 U.S.C. § 636(b)(1)(A), (1)(B) and Local Magistrate Judge Rules MJR 1, 3, and 4. *See* Dkt. 2. This matter is before the Court on plaintiff's motions to strike affirmative defenses and to extend the time to complete discovery. *See* Dkts. 26, 27. The Court grants plaintiff's motion to strike to the extent that plaintiff has identified matters that are not appropriate affirmative defenses but denies the remainder of the

motion. The Court also denies her[1] motion to extend the time to complete discovery because plaintiff fails to establish good cause.

## BACKGROUND

Plaintiff, who is housed in the Stafford Creek Corrections Center ("SCCC") and who is proceeding *pro se* and *in forma pauperis*, brings claims against Bruce Gage, Ryan Harrington, and Scott Light. *See* Dkt. 20, at 2. Plaintiff describes herself as a "male to female transgender prisoner" and alleges that during her confinement, after she was diagnosed with gender dysphoria in August 2017, defendants—the head of the DOC's Care Review Committee and two medical personnel from SCCC—failed to timely provide plaintiff with necessary hormone therapy. *See* Dkt. 20, at 1, 3. On the basis of these allegations, plaintiff claims that her right to be free from cruel and unusual punishment was violated by all defendants. *See* Dkt. 20, at 6. Plaintiff requests injunctive relief and damages. *See* Dkt. 20, at 6–7.

In their answer, defendants raise multiple affirmative defenses. *See* Dkt. 23, at 5. Plaintiff has requested that this Court strike certain affirmative defenses under Federal Rule of Civil Procedure 12(f). *See* Dkt. 26.

This Court set the deadline for discovery to be completed as June 7, 2019. *See* Dkt. 24. Plaintiff additionally requests that the Court extend the deadline to complete discovery to August 15, 2019. *See* Dkt. 27.

---

[1] Because plaintiff uses female pronouns to refer to herself, this Court will do so as well. *See* Dkt. 20, at 1.

ORDER GRANTING IN PART AND DENYING IN
PART MOTION TO STRIKE AFFIRMATIVE
DEFENSES AND DENYING MOTION TO EXTEND
DISCOVERY DEADLINE - 2

# MOTION TO STRIKE

## I. Timeliness

Defendants argue that plaintiff's motion, which plaintiff filed more than 21 days from service of defendants' answer, was untimely and should be denied. *See* Dkt. 28, at 1; *see also* Fed. R. Civ. P. 12(f). Plaintiff responds that because this Court has the discretion to *sua sponte* strike defenses and because she is a *pro se* litigant with only minimal allowable time in the law library, this Court should excuse her failure to timely file her motion to strike. *See* Dkt. 31, at 1–2. Based on its *sua sponte* discretion under Rule 12(f) and because several of plaintiff's objections have merit, the Court declines to deny plaintiff's motion to strike on the basis that it is untimely and will reach plaintiff's arguments. *Accord United States v. Wang*, 404 F. Supp. 2d 1155, 1157 (N.D. Cal. 2005).

## II. Merits

### A. General Principles

Rule 12(f) authorizes this Court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]'" *Whittlestone, Inc. v. Hand-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

"'Immaterial' means that the matter has no bearing on the controversy before the court.'" *In re 2TheMart.com, Inc. Secs. Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing *Fantasy, Inc.*, 984 F.2d at 1527). "Redundant" means needlessly repetitive or wholly foreign to the issues involved in the action. *Sirois v. East West Partners, Inc.*, 285 F. Supp. 3d 1152, 1161

(D. Haw. 2018). "'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com*, 114 F. Supp. 2d at 965.

At the outset, plaintiff argues that defendants' affirmative defenses fail to make out a claim under the heightened pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). However, to date, this district has not applied the heightened pleading standard to affirmative defenses. *See Opico v. Convergent Outsourcing, Inc.*, 18-cv-1579-RSL, 2019 WL 1755312, at *1 n.1 (W.D. Wash. April 19, 2019); *Cal. Expanded Metal Prods. Co. v. Klein*, C18-0659-JLR, 2018 WL 6249793, at *7 (W.D. Wash. Nov. 29, 2018). Thus the Court denies the request to strike affirmative defenses on this basis. *See* Dkt. 26, at 3–4.

### B. Defenses 1 (failure to state a claim), 2 (lack of causation), 5 (lack of personal participation), 8 (lack of standing), and 9 (lack of standing)

Plaintiff correctly argues that several of defendants' "affirmative defenses" are not true affirmative defenses. *See* Dkt. 26 at 4–5. An affirmative defense raises matters extraneous to the *prima facie* case, not matters negating an element of the *prima facie* case. *See Ford Motor Co. v. Transport Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986). Defendants' "affirmative defenses" that plaintiff has failed to state a claim upon which relief can be granted; that plaintiff proximately caused, contributed to, or was at fault for her injuries or damages; that plaintiff has not shown personal participation; and that plaintiff lacks standing are not true affirmative defenses because they attempt to negate elements of plaintiff's *prima facie* § 1983 case, rather than establishing extraneous matters. *See also Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015) (standing).

Because "affirmative defenses" 1 (failure to state a claim), 2 (lack of causation), 5 (lack of personal participation), 8 (lack of standing), and 9 (lack of standing) are not proper affirmative defenses, the Court orders that they be stricken from defendants' amended answer. *See* Dkt. 23.

### C. Defense 3 (failure to mitigate)

Plaintiff argues that affirmative defense 3, "fail[ure] to mitigate her damages by not taking reasonable steps to avoid harming herself and by not seeking treatment for her condition prior to being incarcerated" (Dkt. 23, at 5), should be stricken and claims that she cannot be at fault "for suffering from a profound psychiatric disorder." Dkt. 26, at 5. Defendant fails to respond to the merits of plaintiff's arguments in the motion to strike. *See* Dkt. 28.

The Court is sensitive to the offensiveness of chastising plaintiff, who alleges that she suffers from a psychiatric disorder, for self-harming behaviors. However, not all untoward allegations must necessarily be stricken under Rule 12(f). Rather, striking matter from a pleading is appropriate only where "'it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); *see also In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007) ("Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.").

Failure to mitigate damages is widely accepted as an affirmative defense, including in federal courts. *See Modern Leasing, Inc. v. Falcon Mfg.*, 888 F.2d 59, 62 (8th Cir. 1989); 5 FED. PRAC. & PROC. CIV. § 1273 (3d ed.). At least one circuit court has expressly noted that failure to mitigate damages applies in the § 1983 context. *See Meyers v. City of Cincinnati*, 14 F.3d 1115, 1119 (6th Cir. 1994). Although it remains unclear exactly what defendants may argue with

respect to this affirmative defense, it is appropriate to claim an affirmative defense at this stage of the litigation and for the Court to evaluate the merits of the claim at some later stage.

Because failure to mitigate damages could bear on the damages available in this matter and because it is unclear what defendants may be intending to present as evidence on this affirmative defense, the Court will not assume that the defense is "scandalous." Additionally, because failure to mitigate could be material to this litigation, the Court rejects plaintiff's argument that this affirmative defense is "insufficiently plead[ed], because [it is] not legally plausible." *See* Dkt. 26, at 5. Therefore, the Court denies the motion to strike affirmative defense 3 at this time.

## MOTION FOR EXTENSION OF TIME

Plaintiff also requests that this Court extend the deadline to complete discovery by approximately two months, on the basis that as of April 26, 2019, plaintiff had "mailed off the first set of discove[r]y, but expects more [discovery] will be needed after" the response to this discovery and to allow depositions to take place. *See* Dkt. 27, at 2. Defendants oppose plaintiff's request, arguing that any lack of time to complete discovery is self-imposed because plaintiff delayed serving discovery until 84 days after defendants filed their answer to the initial complaint and because plaintiff has not yet noted any depositions. *See* Dkt. 29, at 2.

The deadline to complete discovery is June 7, 2019—a deadline that may only be extended "for good cause." Fed. R. Civ. P. 16(b)(4). "Good cause" is generally measured by "the diligence of the party seeking the amendment," and the Court will "modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

ORDER GRANTING IN PART AND DENYING IN
PART MOTION TO STRIKE AFFIRMATIVE
DEFENSES AND DENYING MOTION TO EXTEND
DISCOVERY DEADLINE - 6

Here, plaintiff has not shown good cause to extend the discovery deadline. Although mindful of plaintiff's incarcerated status, the Court notes that plaintiff does not state that she was unable to earlier initiate discovery for any particular reason—including confinement. Indeed, plaintiff's own basis for requesting that the deadline be extended is that she "expects that" more discovery will be needed, including depositions "if needed." *See* Dkt. 27, at 2. Thus plaintiff has not shown that she has otherwise acted diligently or that she cannot reasonably meet the pretrial schedule despite her diligence. *See* 6A FED. PRAC. & PROC. CIV. § 1522.2 (3d ed.) ("A party's assertion that further discovery is needed, without more, will not suffice.").

Therefore, at this time, the Court declines to extend the discovery deadline.

**CONCLUSION**

Plaintiff's motion to strike affirmative defenses (Dkt. 26) is **GRANTED IN PART and DENIED IN PART**. Defendant's affirmative defenses 1, 2, 5, 8, and 9 are stricken from the answer to the amended complaint. *See* Dkt. 23. The motion to extend the discovery deadline (Dkt. 27) is **DENIED**.

Dated this 24th day of May, 2019.

J. Richard Creatura
United States Magistrate Judge