# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MARCO SANTIAGO,

    Plaintiff,

v.

BRUCE C. GAGE, *et al.*,

    Defendants.

CASE NO. 3:18-cv-5825 RBL-JRC

ORDER GRANTING MOTION TO COMPEL

Plaintiff, who proceeds *pro se* and *in forma pauperis*, brings this matter under 42 U.S.C. § 1983. The matter is before the Court on defendants' motion to compel. *See* Dkt. 34. Because defendants timely filed their motion to compel and because some of plaintiff's responses to defendants' interrogatories improperly referred defendants to the allegations of the first amendment complaint, defendants' motion to compel responses to those interrogatories is granted.

///

///

# BACKGROUND

Plaintiff initiated this matter in October 2018. *See* Dkt. 1. Plaintiff, who is a male to female transgender prisoner at the Stafford Creek Corrections Center (Dkt. 20, at 1) alleges that defendants, three Department of Corrections employees, violated her right to be free from cruel and unusual punishment. *See* Dkt. 20, at 2.

The deadline to complete discovery was June 7, 2019. *See* Dkt. 24. On June 6, defendants requested that this Court compel plaintiff to respond to certain interrogatories. *See* Dkt. 34, at 1. Pursuant to Local Civil Rule 37(a)(1), defendants certify that on June 6, they met and conferred with plaintiff in good faith, in order to attempt to resolve the dispute without court action. *See* Dkt. 34, at 2. The parties have also filed cross-motions for summary judgment, which this Court will make a recommendation on at a later date. *See* Dkts. 33, 38.

# DISCUSSION

At issue is whether this Court should compel plaintiff to respond to six interrogatories.

**I. Legal Principles**

The Federal Rules of Civil Procedure provide,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

When a party fails to answer an interrogatory under Rule 33, the requesting party may move the court for an order compelling discovery. Fed. R. Civ. P. 37(a)(3). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a

failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Furthermore, a court must limit the frequency or extent of discovery "[when] the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C).

**II. Timeliness**

As a preliminary issue, the Court addresses plaintiff's argument that defendants' motion to compel is untimely and therefore should be denied. *See* Dkt. 36, at 2. Defendants' motion to compel was filed the day before the discovery cutoff and was therefore timely under this Court's local civil rules (*see* Local Civil Rule 16(b)(3)) and scheduling order. *See* Dkt. 24. Indeed, defendants filed their motion to compel nine days after receiving plaintiff's responses and the same day that the parties met and conferred. *See* Dkt. 35, at 1. The undersigned is also aware of at least one other occasion in which this District has allowed a motion to compel filed one day before discovery closed. *See Gibson v. City of Kirkland*, No. C08-0937-JCC, 2009 WL 666885, at *1 (W.D. Wash. Mar. 11, 2009), *amended on reconsideration*, 2009 WL 926984 (Apr. 1, 2009).

Plaintiff cites a number of unpublished cases from other districts in which motions to compel were deemed untimely. *See* Dkt. 36, at 2–3. However, for the reasons set forth above, the Court finds that defendants' motion to compel was timely.

Plaintiff further asserts that defendants should have filed their interrogatories earlier, so that plaintiff could have timely supplemented her disclosures when she learned that it was incomplete. *See* Dkt. 36, at 3–4. Plaintiff relies on Federal Rule of Civil Procedure 26(e)(1)—a rule that allows a party to supplement her discovery responses if she learns that her mistake was incomplete or incorrect. However, Rule 26(e)(1) is inapposite to this situation—plaintiff did not

1  "learn[]" that her responses were incorrect or incomplete and attempt to correct them but instead

2  continues to oppose the motion to compel.  *See* Dkt. 37, at 3.  Defendants filed their

3  interrogatories within the timelines set by this Court's scheduling order, and the Court declines

4  to retroactively impose additional limitations.  Thus, notwithstanding plaintiff's arguments, the

5  Court will address the merits of defendants' arguments.

**III.  Physical Harm Interrogatories**

Three interrogatories—defendants Herrington's and Light's interrogatory 2 and defendant Gage's interrogatory 11—inquired about plaintiff's allegations of physical harm:

> In your First Amended Complaint you state,
>> The Plaintiff is alleging that (1) the Defendants were aware of the Plaintiff's medically necessary need of care, (2) that there were wanton and unnecessary delays in the commencement of said care, and (3) that these delays caused the [plaintiff] both physical and mental harm.
>
> Dkt. 20 at 5.  Regarding the physical harm you allege that you suffered.  Please:
> (a) Identify and describe the physical harm you suffered as a result of Defendant [Herrington's/Light's/Gage's] actions;
> (b) State the date that you suffered the incident(s) of harm identifies in subpart (a);
> (c) State the actions or omissions you contend that Defendant [Herrington/Light/Gage] engaged in that resulted in each incident of harm identified in subpart (a);
> (d) For each action or omission identified in sub-part (c) of this interrogatory, please state the specific date and time that each action or omission occurred;
> (e) List each and every event in the direct, unbroken sequence of events that links the actions or omissions identified in sub-part (c) of this interrogatory to the physical harm you identify in subpart (a) of this interrogatory; and
> (f) Identify all documents that relate or refer to the actions identified in sub-part (c) of this interrogatory.

Dkt. 35-1, at 5–6, 18–19, 40.

As indicated above, the three physical harm interrogatories were the same except for the particular defendant named.  In response to subparts (a) through (e), plaintiff referred defendants to the first amended complaint's allegations.  *See* Dkt. 35-1, at 6, 19, 40.  In response to subpart

(f) for two interrogatories, plaintiff referred defendants to documents already in their possession. *See* Dkt. 35-1, at 6, 19.

The information that defendants seek in the physical harm interrogatories is relevant to this action, as it concerns the timeline of harm that plaintiff allegedly suffered and how each particular defendant was connected to each incident of harm. *See, e.g.*, *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). It requests a level of detail not contained in plaintiff's first amended complaint. *See* Dkt. 20, at 3–4. Moreover, plaintiff may not simply refer to other documents— such as her complaint or summary judgment motion—instead of fully answering interrogatories. *Accord Mulero-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 93 (1st Cir. 2012) ("answering interrogatories by simply directing the proponent to rummage through other discovery materials falls short of the obligations imposed by Rule 33").

Because the information sought was relevant and plaintiff's answers were evasive, the Court grants the motion to compel regarding questions in the physical injury interrogatories to which plaintiff responded by referring defendants to the first amended complaint.

**IV. "Said Care"**

The remaining three interrogatories—defendants Herrington's and Light's interrogatory 3 and defendant Gage's interrogatory 12—concerned plaintiff's allegation of delays in the commencement of medical necessary care:

> In your First Amended Complaint you state,
>> The Plaintiff is alleging that (1) the Defendants were aware of the Plaintiff's medically necessary need of care, (2) that there were wanton and unnecessary delays in the commencement of said care, and (3) that these delays caused the [plaintiff] both physical and mental harm.
>
> Dkt. 20 at 5. Regarding the wanton and unnecessary delays in the commencement of "said care" you allege that occurred. Please:
> (a)   Identify and describe the "said care" that you allege was delayed;

| | | |
|---|---|---|
| 1 | (b) | State the specific date you allege the "said care" should have commenced but was not commenced as a result of the actions or omissions of Defendant [Herrington/Light/Gage]; |
| 2 | | |
| 3 | (c) | State the actions or omissions you contend that Defendant [Herrington/Light/Gage] engaged in that resulted in the delay of the "said care" you identified in your response to subpart (a); |
| 4 | (d) | For each action or omission you identified in your response to subpart (c) of this interrogatory, please state the specific date and time that each action or omission occurred; |
| 5 | | |
| 6 | (e) | List each and every event in the direct, unbroken sequence of events that links the actions or omissions you identified in your response to subpart (c) of this interrogatory to the alleged delay of the "said care" identified in your response to subpart (a) by the date(s) you identified in your response to subpart (b) of this interrogatory; and |
| 7 | | |
| 8 | (f) | Identify all documents that relate or refer to the actions you identified in sub-part (c) of this interrogatory. |

Dkt. 35-1, at 7, 20, 41–42. Again, the interrogatories were substantially the same except for the defendant named. Dkt. 35-1, at 7, 20, 41–42.

In response to (a), plaintiff stated that "said care" was hormone treatment, and in response to (f), plaintiff referred to documents already in defendants' possession. *See* Dkt. 35-1, at 7, 20, 37, 42. In response to (b) in defendants Gage's and Herrington's interrogatories, plaintiff stated that the date that care should have commenced was the first meeting of the Care Review Committee after her diagnosis. *See* Dkt. 35-1, at 7, 42.

However, in response to (b) in defendant Light's interrogatories and in response to (c) through (e) in all three "said care" interrogatories, plaintiff referred to the first amended complaint rather than providing a substantive response. *See* Dkt. 35-1, at 7, 20, 42. Again, the discovery sought was relevant to issues of personal participation and causation, the interrogatories requested detail not alleged in the first amended complaint, and plaintiff improperly responded by directing defendants to the first amended complaint. Therefore, the Court grants defendants' motion to compel responses to "said care" interrogatory questions that plaintiff responded to by referring defendants to the first amended complaint.

# CONCLUSION

The Court **GRANTS** defendants' motion to compel responses to Interrogatory Numbers 2 and 3 in defendant Herrington's First Set of Interrogatories and Requests for Production to Plaintiff, Interrogatory Numbers 2 and 3 in defendant Light's First Set of Interrogatories and Requests for Production to Plaintiff, and Interrogatory Numbers 11 and 12 in defendant Gage's First Set of Interrogatories and Requests for Production to Plaintiff. *See* Dkt. 34. Plaintiff shall have until **August 23, 2019**, to serve supplemental, non-evasive answers to those questions in the interrogatories listed above to which plaintiff previously referred defendants to the First Amended Complaint.

Dated this 26th day of July, 2019.

J. Richard Creatura
United States Magistrate Judge